UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERRANCE GREENE, #14008704,

                              Plaintiff,

                                                      **MEMORANDUM & ORDER**
          -against-                                   15-CV-4651 (JMA)(ARL)

STEVEN R. BARNWELL,

                              Defendant.
-----------------------------------------------------------------X
**AZRACK, United States District Judge:**

          On July 29, 2015, *pro se* plaintiff Terrance Greene ("plaintiff") commenced this action

against Steven Barnwell, Esq. ("defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging

a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed

*in forma pauperis*. The court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte*

dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that

follow.

## BACKGROUND[1]

          Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint

form. In its entirety, plaintiff's statement of claim alleges:[2]

> May-6-15 Steven Barnwell waiver my rights without my consent or knowledge at
> Nassau County Court 262 Old Country Rd. Mineola, N.Y. 11501-4251. Between
> May 26th and June 1st 2015, Steven Barnwell waiver my rights again without my
> consent which led to me not being able to testify at my Grand Jury then he gave me
> copies of all my adjournments & waivers weeks after they were made. Without my
> consent or knowledge again. Which violates my 5th, 6th 14th Amendment under the

---

[1]All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g.,
Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte*
dismissal, a court is required to accept the material allegations in the complaint as true).

[2]Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling,
punctuation and grammar have not been corrected or noted.

US Constitution.

(Compl. ¶ IV.)  Although plaintiff does not allege any injuries, *see* Compl. at IV.A, plaintiff seeks to recover a monetary award of "a million dollars."  (<u>Id.</u> at ¶ V.)

## DISCUSSION

### I.    *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### II.    Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (<u>per</u> <u>curiam</u>); <u>see</u> <u>also</u> <u>Boddie v. Schnieder</u>, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. <u>United States v. Akinrosotu</u>, 637 F.3d 165, 167 (2d Cir. 2011) (<u>per</u>

curiam) (citation omitted); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009).

A *pro se* complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

**III.    Section 1983**

Section 1983 provides:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n. 3 (1979); <u>Thomas v. Roach</u>, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." <u>Cornejo v. Bell</u>, 592 F.3d 121, 127 (2d Cir. 2010) (quoting <u>Pitchell v.</u>

3

Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40,

50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private

conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation

omitted).  Second, "the conduct complained of must have deprived a person of rights, privileges or

immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag,

188 F.3d 51, 53 (2d Cir. 1999).

        Here, the defendant is plaintiff's defense attorney in an underlying state court criminal

prosecution.  (Compl. ¶ IV and at 6).  Although plaintiff does not allege whether defendant was

appointed by the court or privately retained by plaintiff, such a distinction is not important because

the Supreme Court long ago held that a "public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk

County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir.

1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional

functions as counsel to [a] defendant [in a criminal proceeding] do not act 'under color of state law'

and therefore are not subject to suit under 42 U.S.C. § 1983."); see also Caldwell v. Meyer, 14-CV-

5383, 2015 WL 428063, at *3 (E.D.N.Y. Jan. 30, 2015) ("It is well-established that attorneys,

whether with the Legal Aid Society, court-appointed or privately retained, are generally not state

actors for purposes of Section 1983.").

        Private actors, such as the defendant, may be considered to be acting under the color of state

law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the

State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting

Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)).  Section 1983 liability may also extend to

a private party who conspires with a state actor to violate a plaintiff's constitutional rights.

Ciambriello, 292 F.3d at 323-24. To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)). Here, plaintiff has not alleged that the defendant acted jointly with a state actor or conspired with a state actor to deprive plaintiff of some constitutional right. Thus, plaintiff has not alleged a plausible conspiracy claim.

Because the defendant is not a state actor, there is no legal basis for a § 1983 claim against him. See, e.g., Damato v. Tsimbidaros, 15-CV-332, 2015 WL 1125508 at *1 (D. Conn. Mar. 12, 2015). Accordingly, plaintiff's Section 1983 claims against the defendant are not plausible as a matter of law and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(2).

## IV.    Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

After careful consideration and in an abundance of caution, the Court grants plaintiff an

5

opportunity to amend his complaint in accordance with this Memorandum and Order. Plaintiff's

amended complaint must be labeled "Amended Complaint," bear the same docket number as this

Memorandum and Order, 15-CV-4651(JMA)(ARL), and shall be filed within thirty (30) days from

the date of this Memorandum and Order. Plaintiff is advised that an amended complaint completely

replaces the original, so plaintiff must include any allegations he wishes to pursue against the

defendant in the amended complaint. Further, if plaintiff does not file an amended complaint within

the time allowed, this case shall be closed.

## CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted,

but the complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant

to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his

complaint in accordance with this Memorandum and Order. Plaintiff's amended complaint must:

(1) be labeled "Amended Complaint;" (2) bear the same docket number as this Memorandum and

Order, 15-CV-4651(JMA)(ARL); and (3) be filed within thirty (30) days from the date of this

Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any

appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                      /s/ (JMA)
                                                     Joan M. Azrack
Dated:        August 20, 2015                        United States District Judge
              Central Islip, New York